UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CATHERINE A. HADDOCK,

     Plaintiff,

                                     Case No. 4:21-cv-12395

v.                                 Hon. Matthew F. Leitman

STATE FARM FIRE
AND CASUALTY COMPANY,

     Defendant.

_____/

## ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF No. 11)

This action arises out of a dispute between Plaintiff Catherine Haddock ("Haddock") and Defendant State Farm over a claim for property damage coverage that Haddock made under her State Farm insurance policy.  Haddock asserts two claims against State Farm: (1) breach of contract for State Farm's allegedly wrongful refusal to engage in the appraisal process set forth in her policy and (2) for a declaration that certain aspects of the appraisal provision in her policy are contrary to Michigan law and are thus void.  Now before the Court is State Farm's motion for summary judgment. (*See* Mot., ECF No. 11.)  For the reasons explained below, the motion is DENIED.

## I

Under Federal Rule of Civil Procedure 56, a movant is entitled to summary judgment when it "shows that there is no genuine dispute as to any material fact." *SEC v. Sierra Brokerage Servs., Inc.*, 712 F.3d 312, 326-27 (6th Cir. 2013) (quoting Fed. R. Civ. P. 56). When reviewing the record, "the court must view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in its favor." *Id.* But "the mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for [that party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Summary judgment is not appropriate when "the evidence presents a sufficient disagreement to require submission to a jury." *Id.* at 251–52.

## II

State Farm filed a motion for summary judgment on March 28, 2022, seeking judgment as a matter of law on three grounds. (*See* Mot., ECF No. 11.) The Court considers each ground separately below.

### A

State Farm first argues that it is entitled to judgment as a matter of law on its affirmative defense that Haddock violated the insurance policy's "Concealment and Fraud" provisions. The Court disagrees for several reasons.

First, it is not clear that State Farm has pleaded a viable affirmative defense based upon the "Concealment and Fraud" provisions of Haddock's policy. State Farm does not plead that Haddock actually concealed anything or committed any actual fraud. Instead, State Farm pleads only that Haddock's claims are barred by the "Concealment and Fraud" provisions of her policy "to the extent that" she committed fraud or engaged in concealment. (*See* Answer, ECF No. 4, PageID.161.) State Farm has not yet persuaded the Court that pleading its affirmative defense in this manner is sufficient.

Second, the "mend the hold" doctrine may well bar State Farm, in whole or in part, from asserting an affirmative defense based upon the "Concealment and Fraud" provisions. Generally speaking, under that doctrine, "once an insurance company has denied coverage to an insured and stated its defenses, the company has waived or is estopped from raising new defenses." *South Macomb Disposal Auth v American Ins. Co.*, 572 N.W.2d 686, 712-713 (1997) (quotation marks and citation omitted). There appears to be some evidence in the record that State Farm did not deny coverage to Haddock (and did not decline to proceed to appraisal) based upon any alleged fraud or concealment by Haddock. Under the mend the hold doctrine, that

evidence may preclude State Farm from asserting its affirmative defense based upon the "Concealment and Fraud" provisions.[1]

Finally, the Court concludes that the issue of whether Haddock, in fact, committed fraud and/or engaged in concealment that would result in her loss of coverage is best resolved on a factual record developed through discovery.

For all of these reasons, the Court declines to grant summary judgment in favor of State Farm based on its "Concealment and Fraud" affirmative defense.

## B

State Farm next argues that it is entitled to summary judgment because Haddock refused to exhibit the property that she claimed was damaged and failed to provide records and documents that State Farm requested.  State Farm says that Haddock's policy required her to exhibit the damaged property and to produce the requested documents as conditions precedent to her entitlement to coverage and her right to sue.  The Court concludes that this defense – assuming *arguendo* that it is not barred by the mend the hold doctrine – is best resolved after development of a factual record through discovery.  The Court is not yet prepared to hold that the

---

[1] State Farm may argue that the mend the hold doctrine does not preclude it from asserting an affirmative defense based upon the "Concealment and Fraud" provisions of Haddock's policy because it did not learn of some or all of Haddock's alleged fraud/concealment until after it issued its final coverage letter and declined to proceed to appraisal as requested by Haddock.  That argument is best resolved on a factual record developed through discovery.

evidence compels the conclusion that Haddock violated the conditions precedent in her policy.

**C**

Finally, State Farm argues that Haddock is barred from recovering replacement cost benefits because she did not actually repair or replace the property at issue by the deadline set in her policy. (*See* Mot., ECF No. 11, PageID.694.)   The Court concludes that this defense is best resolved on a full record after discovery. Haddock has a plausible argument that she could not complete repairs and/or replace her property because (1) she had to preserve the property for review by an appraisal panel and (2) State Farm wrongfully delayed that review.  She also has a plausible argument that she cannot begin making repairs until she knows how much money she will be receiving from State Farm as the final resolution of her claim.  These arguments are best addressed at the close of discovery.

**III**

For the reasons explained above, State Farm's motion for summary judgment (ECF No. 11) is **DENIED**.

   **IT IS SO ORDERED.**


                              s/Matthew F. Leitman
                              MATTHEW F. LEITMAN
                              UNITED STATES DISTRICT JUDGE

Dated:  September 26, 2022

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 26, 2022, by electronic means and/or ordinary mail.

<u>s/Linda Vertriest for Holly A. Ryan</u>
Case Manager
(313) 234-5232